# Commonwealth *v.* McClellan, Appellant.

*Criminal law—Larceny—Improper charge.*

1. On the trial of an indictment for larceny it is reversible error for the court to say in its charge that the defendant had taken advantage of a technicality when he claimed that he had not received the property into his actual possession, and this statement is repeated several times.

2. On the trial of an indictment for larceny and for receiving stolen goods where it is charged that the defendant asked another man to steal the goods and bring them to his store, it is reversible error for the court to say to the jury that, if the defendant and certain other merchants indicted for the same offense, had been purchasing goods of the kind in question at a low price from the person who actually stole them, they ought to be punished.

*Evidence—Reputation—Larceny.*

3. On the trial of an indictment for larceny where the defendant introduces witnesses as to his good reputation, such witnesses may be asked on cross-examination whether they had not heard that the defendant had burned his store to collect the insurance.

*Practice, Q. S.—Trial—Remark of district attorney—Record.*

4. The appellate court cannot take into consideration an alleged improper remark of the district attorney to the jury, where there is nothing on the record to show what words were used.

Argued Oct. 18, 1909.   Appeal, No. 27, Oct. T., 1909, by defendant, from judgment of Q. S. Blair Co., Oct. T., 1908, No. 35, on verdict of guilty in case of Commonwealth v. George McClellan.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Indictment for larceny and for receiving stolen goods.   Before BELL, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1–13) various rulings on evidence and instructions set forth at length in the opinion of the Superior Court.

*Thomas H. Greevy,* with him *E. G. Brotherlin,* for appellant.

No appearance nor printed brief for appellee.

OPINION BY BEAVER, J., April 18, 1910:

Upon the argument of this case, we heard only the appellant's presentation of it. There was neither appearance nor paper-book for the appellee. We were impressed by the argument of the appellant's counsel and approached the consideration of the case with a strong predisposition toward reversal. A careful reading of the entire testimony, however, and rather prolonged consideration thereof and of the legal questions involved has led the opinion writer to the final conclusion that the conviction of the defendant was justified, and that the question of his guilt was properly left to the jury under fair and full instructions, except as hereinafter stated.

The appellant states, as the question involved: "Can there be a conviction for larceny, where the district attorney stated in his opening that the commonwealth would not ask for such conviction and tries the case upon that theory?" We are not ready to say that, even if such a statement had been made by the district attorney, it would bind the court and the jury, if the testimony showed that the defendant beyond a reasonable doubt had committed larceny. There is nothing, however, upon the record which in our opinion raises the question, and we are not, therefore, called upon to consider it. The words alleged to have been used by the district attorney are not brought upon the record in any regular or recognized way, and the trial judge had no recollection of their having been used. See Holden v. Penna. R. R. Co., 169 Pa. 1.

The second question, as stated by the appellant, is: "The court stated in his charge that the defendant had taken advantage of a technicality when he claimed that he was not in possession of the stolen goods. This he repeated several times. Was not this error?" What was said by the court in reference to a technicality was, it seems to us, entirely justified under the facts and was fair to the defendant. What was said is contained in the seventh assignment of error and was in answer to the defendant's fourth point, which was that

"Under all the evidence and the law governing this case, there can be no conviction of McClellan of the charge of larceny," to which the court said: "As I said at the outset, there are two counts in the indictment against McClellan. First, count charges him with larceny. Second, with receiving stolen goods. As I have said to you, in answering the second and third points, McClellan cannot be convicted of receiving stolen goods, because he did not actually get them into his possession. Even assuming that the commonwealth's evidence is all correct, but if he did ask Frank Furry to go and steal some more lard from Sherman Furry that night and bring it back and put it in his stable, then he clearly would be guilty of larceny. It seems to me that that proposition is too plain to require elaboration; that every lawyer would agree to that proposition, because anybody who aids or abets in the commission of a larceny is equally guilty with the thief who actually goes to the building and steals the goods. The only answer I have heard to that proposition is from Mr. Greevy, when he says the district attorney, in his opening, stated that there could be no conviction of McClellan for larceny. Be that as it may, at that time I do not suppose the district attorney had heard that the defense were going to rely on a technicality; or if he did say it, it was on the theory that he was going to be fair with the defense and the defense ought to be fair with him. If the defense relies on a technicality, to wit, that McClellan did not receive the property into his actual possession, it does seem to me that the district attorney would have a right to press for a conviction for larceny, because the very act of assembly which allowed the district attorney to embody in the same indictment a count for larceny and a count for receiving stolen goods was to avoid the escape of a defendant by a technicality. What I have said about this technicality, do not misunderstand me as intimating that if I was on the jury I would convict McClellan because his attorneys have resorted to a technicality. They have a perfect right to resort to a technicality, if they desire, and I am not saying this to prejudice McClellan in the least, but I am simply stating my position in this matter."

The court merely states what was an undoubted fact—that the defendant claimed that he could not be convicted of receiving stolen goods for the reason that the lard which had been stolen never came into his actual, manual possession, notwithstanding the fact, practically admitted, that the cans which contained it had been taken from his stable and returned there.

The defendant's third point was: "Under all the evidence in this case, George B. McClellan, one of the defendants, cannot be convicted of the crime of receiving stolen goods," in answer to which the court said, including also the second point, which was practically of like character: "I affirm both of these points. They are both founded on an authority stated in Trickett on Crimes, and they are founded on this idea—that before a man can be convicted of receiving stolen goods he must have them actually in his possession. That, even if they are placed somewhere for him to get, if he does not actually get them in his possession, he cannot be convicted of receiving stolen goods, because the law allows him a locus penitentiæ, that is, a time for changing his mind or repenting."

The third question involved, as stated by the appellant, is, "Was it not error to permit commonwealth's counsel to cross-examine defendant's character witnesses concerning other alleged offenses?" The first four assignments of error relate to this phase of the case. Defendant raised the question as to his honesty and introduced a number of neighbors to testify that they had never heard anything derogatory to his character for honesty. Upon cross-examination, the commonwealth asked whether or not the several witnesses had not heard that he had burned his store to collect the insurance. As none of the witnesses had heard it and all denied that they had, the defendant was not in any way injured thereby. It was, it seems to us, however, an entirely legitimate subject of inquiry, because it went to the very essence of the question under investigation, namely, What was the defendant's reputation for honesty in the community in which he lived? The witnesses were not examined as to other offenses. The ex-

amination was concerning the speech of the people as to particular facts which affected defendant's reputation for honesty, which was the specific subject of inquiry. It was not as to the defendant's having committed the offense spoken of.

The fifth specification of error relates to the charge of the court in which the question of the corroboration of the evidence of Frank Furry is discussed. It seems to us that the court very fully states the contention of both the commonwealth and the defendant in this behalf and leaves it to the jury to determine whether or not Furry, who was undoubtedly guilty of larceny of the lard, was corroborated in his testimony.

The sixth assignment relates to the answer of the court to a point concerning the same subject. The court denies it, because, as he alleges, there was corroborative proof in the circumstances attending the case as well as by the alleged accomplices of Furry.

The seventh assignment is that, "The learned court erred in answering defendant's fourth point as follows: Under all the evidence and the law governing this case, there can be no conviction of McClellan of the charge of larceny." This goes to the root of the case and has been already considered in reference to the allegation in regard to a technicality. We have already quoted the answer to this point, and, if the jury found the facts as put by the trial judge therein, we can see no error in his conclusion that they could find the defendant guilty of larceny.

The eighth assignment alleges that "The charge of the court was inadequate and erroneous in instructing the jury as follows: 'In this McClellan case you will consider all the evidence and, if you have a reasonable doubt as to his guilt, he is entitled to the benefit of that doubt and to an acquittal. As I have said before, your verdict as to him will be not guilty of receiving stolen goods.' " It is difficult for us to understand just what is charged as erroneous in this part of the charge. Surely the defendant was entitled to an acquittal, if the jury had a reasonable doubt as to his guilt, and there can be no fault found from the defendant's standpoint with the instruc-

tions of the court that he could not be found guilty of receiving stolen goods, inasmuch as that was one of the principal grounds of contention.

We are likewise at a loss to know what objection the defendant can find to the answer of the court to his fifth point, which was, "The evidence of Furry, the thief, as to the alleged agreement between him and McClellan not having been corroborated, the jury should be advised to weigh his evidence severely and that the defendant cannot be convicted on Furry's uncorroborated testimony." The point was affirmed, the court saying: "I think I have put that about as strong as the point. I do not see why that point should be handed up to me; I have told the jury that repeatedly. The point is affirmed."

The tenth assignment is as to the testimony adduced by the defendant as to good character, in which the court says to the jury: "You are to take up this matter of testimony as to good character and give it the weight to which in your judgment it is entitled. The Supreme Court have said that evidence of good character in itself is sufficient to raise a doubt," and the court having previously stated that a reasonable doubt must work an acquittal, it seems to us that this was proper and sufficient instruction upon the subject.

We see nothing in the eleventh and twelfth assignments of error, requiring special notice, the latter referring to the alleged remark of the district attorney as to a conviction for larceny, but failing to bring it upon the record in such a way as to require a direct and distinct answer from the court, in the absence of the recollection of the court itself, as stated elsewhere, that it had been made. We cannot see that defendant can legitimately complain.

The thirteenth assignment is not in accordance with our rules, the charge not being printed as part of the assignment, as required, and our attention not being called to any specific parts of it of which the appellant complains. We assume, therefore, that it is merely a summing up of the other specific assignments which we have already discussed.

The views so far herein expressed as to the seventh and

eleventh assignments of error are those of the opinion writer only, and, as they clearly indicate, justify, in his view, the manner in which the case was tried and of its submission to the jury. The majority of the court, however, is of the opinion that the seventh assignment of error, based upon the answer of the court to the defendant's fourth point, particularly the part of it which relates to the defense relying upon a technicality, and the eleventh assignment, relating to a sentence in the charge of the court, "It is important to the commonwealth, because if these merchants out there about Millville and South Altoona have been purchasing at a low price lard from Frank Furry, they ought to be punished," should be sustained and the judgment reversed, which is accordingly done.

Judgment reversed and a new venire awarded.